IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Exemption

LINCOLN COUNTY CHILD DAY )
TREATMENT, )
)
Plaintiff, ) TC-MD 130446C
)
v. )
)
LINCOLN COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on January 3, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

This matter is before the court on cross-motions for summary judgment. On October 18, 2013, Defendant filed its Motion for Summary Judgment requesting that the court uphold its denial of Plaintiff's application for property tax exemption for certain real property identified in the assessor's records for the 2012-13 tax year as account R285652 (subject property). On November 4, 2013, Plaintiff filed with the court its Response to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment. Defendant filed a written Reply on November 14, 2013. Prior to the filing of those motions, the parties filed their Stipulated Facts with the court on October 10, 2013.

Defendant is represented by Kristin H. Yuille (Yuille), Assistant County Counsel, Lincoln County. Plaintiff is represented by Ralph Grutzmacher (Grutzmacher), an employee of Plaintiff regularly employed in Plaintiff's tax matters.

/ / /

The court heard oral argument November 26, 2013. Defendant's representative Yuille, who formally requested oral argument on the motions, appeared for the November 26, 2013, hearing. Plaintiff's representative Grutzmacher did not appear for the hearing, which was held by telephone.

## I. STATEMENT OF FACTS

The facts set forth below are either stipulated facts agreed to by the parties in a written, signed agreement titled "Stipulated Facts," or are taken from the parties' pleadings and the affidavits and exhibits submitted by the parties with their summary judgment motions.

Plaintiff is a nonprofit organization providing "services to pre-school and school age children on behalf of the Oregon Department of Mental Health, Medical Assistance Program." (Stip Facts, ¶ 1). Each of Plaintiff's clients "is referred for treatment by the Lincoln County Health Department and Lincoln County School District." (*Id.*)

Plaintiff acquired the subject property on July 6, 2011. (*Id.*, ¶ 2.) Defendant submitted a copy of the statutory bargain and sale deed evidencing the sale of the property from the Lincoln County School District to Plaintiff on July 5, 2011. (Def's Mot Summ J, Ex 1 at 1.) The deed, recorded July 6, 2011, indicates that tax statements are to be sent to "Lincoln County Child Day Treatment Center, 805 NE Reservoir Lane, Toledo, OR 97391." (*Id.*)

Roughly two years after Plaintiff acquired the subject property in July 2011, on or about May 16, 2013, Plaintiff filed with Defendant an application for property tax exemption. (Stip Facts, ¶ 3.) The form was signed by the Executive Director of Lincoln County Child Day Treatment, Ray Burleigh (Burleigh). (Def's Mot Summ J, Ex 2 at 3.) Plaintiff's application sought exemption under ORS 307.130. (*Id.*) The form indicated that the tax year for which

Plaintiff was requesting exemption was 2012-2013. (*Id.*)[1] The address on Plaintiff's exemption application is "Lincoln County Child Day Treatment Center, PO Boxx [*sic*] 893, Toledo, OR 97391." (*Id.*) The address on Plaintiff's May 2013 exemption application form differs from the address Plaintiff's property sale deed filed with the county clerk in July 2011.

On May 28, 2013, approximately two weeks after Plaintiff filed its exemption application, Defendant "sent Plaintiff a letter denying their Application For Real and Personal Property Tax Exemption[.]" (Stip Facts, ¶ 4.) That letter was sent to Burleigh, Plaintiff's Executive Director; the address to which it was mailed was "Lincoln County Child Day Treatment Center, PO Box 893, Toledo, OR 97391." (Ptf's Compl at 4.) Defendant sent the exemption application denial letter to the same address Plaintiff used on its exemption application claim form.

Defendant's May 28, 2013, exemption application denial letter states in relevant part:

"I received your application for property tax exemption for the above described property, dated 05/16/2013, along with a $200 late-filing fee. On the application you requested exemption for tax years '2012-2013.' Unfortunately, we are beyond the filing deadline for the 2012/13 tax year. In accordance with ORS 307.162 (2)(B), a claim may be filed on or before *April 1st of the current tax year* if accompanied by a late filing fee of $200 and the claimant is a first time filer. Since your application was not received until 5/20/2013, it was not filed timely *for the 2012/13 tax year* and must be denied."

(Ptf's Compl at 4 (second emphasis added).)

---

[1] That exhibit is Plaintiff's exemption application. The application actually has two different tax years appearing on it. The first is 2012-2013; that date is typed, as is the rest of the application form, except for the signature and date appearing at the bottom of that form. (Def's Mot Summ J, Ex 2 at 3.) However, on the copy of the form submitted to the court by Defendant with its summary judgment motion, Plaintiff's exemption application has been "altered;" the 2012-2013 date typed on that form has a handwritten line through it (sometimes referred to as a "strikethrough") and a second, handwritten date appearing next to it which indicates that the tax year for which exemption is being requested is "2013-2014." Next to that handwritten date (2013-2014) are the initials RAB, which the court assumes are the initials for the Executive Director, Ray A. Burleigh, and below that, the signature "Ralph Grutzmacher," who is Plaintiff's authorized representative for this appeal. The two different dates are noted here because Plaintiff's cross-motion for summary judgment includes an argument that Defendant reviewed Plaintiff's property tax exemption application for the *2013-2014* tax year and "afforded Plaintiff treatment as a first time filer for the subject property." (Ptf's Resp and Cross Mot Summ J at 4.) The court addresses that argument in the Analysis section of this Decision.

Plaintiff timely appealed Defendant's denial to this court. Plaintiff's Complaint was filed August 14, 2013, and challenges Defendant's exemption application denial. (Stip Facts, ¶ 5; Ptf's Compl at 1.) Plaintiff's Complaint identifies the tax year being appealed as 2012-2013, and lists the Assessor's account number as R285652. (Ptf's Compl at 1.)

Plaintiff asserts in its Complaint that Defendant "failed to deliver to the Plaintiff notices of assessments in a timely manner," that Defendant "maintained an incorrect mailing address for the Plaintiff and the subject property," that Defendant "sent required notices to incorrect addresses for the Plaintiff and the subject property," that Defendant "failed to respond to information submitted to obtain an exemption for the subject property that was sent to an incorrect address on the Property Tax Statement," and that Defendant "*failed to treat the Plaintiff's application* for a tax exemption *as a request by a first time filer* under ORS 307.162 for a right to claim exemption for the previous five years." (*Id*. (emphasis added).)

The relief Plaintiff requests in its Complaint includes "[t]he granting of a tax exemption for tax year 2012-2013." (*Id*. at 2.)

## II. ISSUE

The issue before the court presented by the parties in their summary judgment motions can be succinctly stated as follows: Is Plaintiff entitled to the provisions in ORS 307.162 which, in certain situations, entitle "first-time" filers to receive property tax exemptions notwithstanding the fact that they did not timely file their exemption application claim forms, and, in certain situations (including cases where the taxpayer can demonstrate "good and sufficient cause for failing to file a timely claim"), entitles taxpayers to file such a claim for the five prior tax years?

/ / /

/ / /

III.  ANALYSIS

A.    *Summary judgment standard*

Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C. In this case, both parties have moved for summary judgment and, in order to prevail, one of the two must persuade the court that "based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party."  TCR 47 C.

The rule further provides that "[t]he adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial * * * [and] may satisfy the burden of producing evidence with an affidavit or declaration [in accordance with the requirements of TCR 47 E]."  *Id*.  For purposes of this case, TCR 47 E requires that statements in the affidavits and declarations "be made in good faith based on admissible facts or opinions obtained from a qualified expert * * * who is available and willing to testify."

B.    *The law governing exemptions under ORS 307.130 and ORS 307.162*

Plaintiff purchased the subject property on July 6, 2011.  Plaintiff sought property tax exemption under ORS 307.130,[2] a statute that exempts from taxation "property owned or being purchased by * * * incorporated literary, benevolent, charitable and scientific institutions." ORS 307.130(2).  ORS 307.130(2) specifically conditions exemption "[u]pon compliance with ORS 307.162[.]"  There is no indication that Plaintiff does not meet the qualifications for exemption in terms of its charitable purpose and use of the subject property. The issue has to do

/ / /

_____

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

with whether the necessary exemption application form was timely filed under one of several statutory provisions governing charitable exemption applications.

ORS 307.162 provides, in relevant part:

"(1)(a) Before any real or personal property may be exempted from taxation under ORS * * * 307.130 * * * for any tax year, the institution or organization entitled to claim the exemption must file a claim with the county assessor, on or before April 1 preceding the tax year for which the exemption is claimed. * * *.

"* * * * *

"(2)(a) Notwithstanding subsection (1) of this section, a claim may be filed under this section for the current tax year:

"(A) On or before December 31 of the tax year, if the claim is accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.

"(B) On or before April 1 of the tax year, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090."

The "tax year" is a 12 month fiscal year that begins on July 1. ORS 308.007(1)(c). The 2012-13 tax year began on July 1, 2012, and ended 12 months later on June 30, 2013.

Plaintiff clearly missed the standard annual filing deadline in subsection (1)(a) of ORS 307.162 because Plaintiff acquired the property in July 2011 and did not file its exemption application form until May 2013. A timely filed exemption claim for the 2012-13 tax year would have to have been filed on or before April 1, 2012. Plaintiff does not claim to have complied with that deadline. Rather, Plaintiff argues that it met the filing deadline and other requirements provided in subsection (2)(a)(B) of ORS 307.162. Plaintiff relies on the "first-time filer" provision of ORS 307.162(2)(a)(B), asserting that it meets the statutory definition of the term "first-time filer" set forth in the statute.

ORS 307.162 defines "first-time filer" as follows:

"(3) As used in this section:

"(a) 'First-time filer' means a claimant that:

"(A) Has never filed a claim for the property that is the subject of the current claim; and

"(B) Did not receive notice from the county assessor on or before December 1 of the tax year for which exemption is claimed regarding the potential property tax liability of the property."

C.      *Plaintiff's position*

Plaintiff insists it is entitled to exemption as a "first-time filer" in accordance with ORS "307.162(2)(B)" [sic][3] and ORS 307.162(3), focusing particularly on the language in paragraph (B) of subsection (3)(a) of ORS 307.162 and insisting that, under that statutory provision, the notice of "the potential property tax liability" referred to in ORS 307.162(3)(a)(B) must come "from the county *assessor* on or before December 1," and that, in this case, Plaintiff never received any such notice from the assessor.  (Ptf's Resp and Cross Mot Summ J at 2-3.) Plaintiff argues that Defendant is attempting to "rely upon the 7/1/12-6/30/13 Real Property Tax Statement from the Lincoln County *Tax Collector* * * * as a substitute for the notice *from the county assessor* as required by the definition in subsection (3)(a)(B)."  (*Id*. at 3 (emphasis in original).)  Plaintiff argues that Defendant is employing a "boot-strap argument" that fails to meet the stated requirements provided in the law" because "the Legislature was clear and precise about the kind of notice that would disqualify a taxpayer from consideration as a first time filer." (*Id*.)  Plaintiff insists that "[n]otice 'from the county assessor' is the disqualifying notice, not notice from the county tax collector[.]"  (*Id*.)

/ / /

---

[3] The statute is ORS 307.162(2)(a)(B).

Finally, Plaintiff contends that " 'receipt' of the notice from the county assessor, not simply an assertion that such notice was mailed, [is] also a key element of the definition." (*Id*.)

D.  *Court's analysis and conclusion*

Plaintiff is wrong in both assertions.  The notice of property tax liability need not come specifically from the assessor, as opposed to the tax collector, and actual receipt of the notice is not required.

The first point was made clear by this court in an earlier decision, the rationale of which was relied on in another decision by this court, both of which are addressed below.  The second point is settled law and needs no analysis.  Moreover, Plaintiff's position lacks factual merit, as explained immediately below.

Plaintiff is careful to avoid Defendant's assertion and argument that Plaintiff received notice of the potential tax liability in the form of a property tax statement sent by Defendant to Plaintiff in October 2012.  However, in an affidavit submitted by Plaintiff as an exhibit to its Response and Cross Motion, its Executive Director Burleigh states in relevant part as follows:

> "Plaintiff did not receive any notice of assessment from Defendant Lincoln County Assessor for the subject property.  Plaintiff did not receive any notice of any kind from the Lincoln County Assessor prior to the letter of denial dated May 28, 2013.  *Plaintiff's first notice of any taxes* that might be due and owing *was receipt of the 7/1/12-6/30/13 Real Property Tax Statement on or about October 29, 2012.*"

(Ptf's Resp and Cross Mot, Ex 1 at 1 (emphasis added).)

Importantly, Plaintiff's Executive Director Burleigh goes on to state in his sworn affidavit that "[i]n response, Plaintiff sent a copy of its 501(c) information to the remittance address for the Lincoln County Tax Collector as provided on the Tax Statement." (*Id*.) Defendant addresses that point in its initial Motion for Summary Judgment, noting that:

/ / /

"Plaintiff *did* receive notice prior to December 1, 2012. As indicated in their letter dated [sic], they received a notice in October 2012 of the taxes owing for the property."

(Def's Mot Summ J at 4 (emphasis added).)

Defendant supports that assertion by the inclusion of an exhibit attached to its Motion for Summary Judgment as Exhibit 2, pages 6 through 8. That document is an undated three-page narrative sent by Plaintiff to Defendant stating in relevant part as follows: "[Plaintiff] has no records of a notice of assessment or any other real property tax information *prior to receiving the 7/1/12 – 6/30/13 Real Property Tax Statement*." (Burleigh Aff, Def's Mot Summ J, Ex 2 at 7 (emphasis added).) Plaintiff admits to receiving the tax statement for the 2012-13 tax year in October 2012.

Defendant addresses the point more directly in its Reply, noting that the very question raised in this case was squarely addressed by this court in a Decision issued in October 2012 by Magistrate Boomer, where the issue of the definition of a "first-time filer" was analyzed by the court with reference to the definition of the word "notice" in *Webster's Third New International Dictionary*, the context provided by other property tax exemption statutes, and, perhaps most importantly, legislative history. *Eighth Church of Christ Scientist v. Multnomah County Assessor* (*Eighth Church of Christ*), TC-MD 120116N, at 5-9 (Oct 2012).

After a thoughtful and comprehensive analysis in *Eighth Church of Christ* of the question of what constitutes notice, the court concluded "that the legislature intended 'notice' in the 'first-time filer' definition [found in ORS 307.162] to refer to *actual knowledge* possessed by the claimant of 'the potential property tax liability of the property.' " (*Id*. at 8 (emphasis added).) The court went on in that case to state that "[t]he claimant may receive 'notice' through a phone call or letter from the county assessor *or through receipt of a property tax statement*." (*Id*. at 8

(emphasis added).) The court further noted that the taxpayer in that case did not receive a property tax statement for the tax year at issue (2010-11), but did contact the assessor to inquire about filing an application for property tax exemption. (*Id*. at 8.)

The facts are more compelling in this case because the taxpayer here responded to the receipt of the property tax statement in October 2012 by sending the county tax collector information regarding its IRS 501(c)(3) nonprofit status. The transmission of that information by Plaintiff to the tax collector is, in the court's view, a clear indication that Plaintiff intended to apprise the county tax authorities that it was a nonprofit organization and desired relief from the asserted property tax liability.

Plaintiff in this case clearly did not meet the April 1, 2012, deadline for filing an exemption application for the 2012-13 tax year under the provisions of ORS 307.162(2)(a)(B). Accordingly, Plaintiff is not entitled to exemption from property taxes under ORS 307.130 and ORS 307.162. Plaintiff does not qualify as a "first-time filer" because it received notice of taxes due for the 2012-13 tax year in October 2012, which was before the December 1 deadline set out in ORS 307.162(3)(a)(B). Plaintiff's May 2013 exemption application does appear to have met the extended filing deadline of December 31 set forth in subsection (2)(a)(A) of ORS 307.162 for the 2013-14 tax year and Defendant has indicated that Plaintiff was granted exemption for the 2013-14 tax year.

## IV. CONCLUSION

After careful consideration of the matter, the court concludes that no objectively reasonable juror could return a verdict for Plaintiff regarding its request for property tax exemption under ORS 307.130 and ORS 307.162 for the 2012-13 tax year, because Plaintiff did not file its exemption application on or before April 1, 2012, as required by ORS 307.162(1)(a), and does not

/ / /

qualify as a first-time filer under ORS 307.162(3)(a). The "objectively reasonable juror" standard applies to summary judgment motions under TCR 47. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Plaintiff's Response to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment is denied.

Dated this ___ day of January 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on January 24, 2014. The Court filed and entered this document on January 24, 2014.*